## FISCHMAN v. BERKOWITZ.

(Supreme Court, Special Term, New York County.   June, 1911.)

INJUNCTION (§ 147*)—PENDENTE LITE—EVIDENCE.

    Plaintiff, in support of his contention that defendant, who sold him his pushcart business and the good will thereof, with agreement not to engage directly or indirectly in like business for four years within four blocks thereof, has engaged in such business at a certain location within such district, having submitted affidavits of various persons that defendant is apparently in charge of the new business, and defendant, while denying that he is connected therewith, and alleging that it is conducted by W., having submitted no affidavit of W., though statement is made that W. will testify that he owns the business, injunction pendente lite will be granted.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 320-322; Dec. Dig. § 147.*]

Action by Abraham Fischman against Abraham Berkowitz for an injunction restraining the defendant from doing business within a prescribed neighborhood and soliciting customers under an agreement in writing.   On motion for an injunction pendente lite.  Granted.

Harris Koppelman, for the motion.
Israel M. Lerner, opposed.

COHALAN, J.  This is an application for an injunction pendente lite.  It appears from the moving papers that the defendant, prior to January, 1911, was engaged in the pushcart business at No. 170 Ludlow street.  On January 16th the defendant, by agreement in writing and for consideration, sold to the plaintiff "the good will, right, title, and interest in and to my pushcart business, located at No. 170 Ludlow street," and further agreed "not to reopen or to be engaged directly or indirectly in any like business * * * within a radius of four square blocks around the neighborhood for a term of four years.  Plaintiff now claims that defendant has violated this agreement by engaging in the pushcart business at No. 166 Allen street, a location within the prescribed area, and also by soliciting the old customers of his business.  In support of this contention plaintiff submits affidavits of persons who knew the defendant, and who claim to have met him at the Allen street place of business, apparently in charge thereof.  The defendant denies all connection with the Allen street business, alleging that it is conducted by one Wasserman, and further denies any violation whatever of the agreement of January 16th.  There is no affidavit submitted from Wasserman, although the defendant's attorney asserts that Wasserman is the owner of the business and will so testify on the trial.

It is the law of this state that "a party may legally purchase the trade and business of another for the very purpose of preventing competition; and the validity of the contract, if supported by a consideration, will depend on its reasonableness as between the parties." Diamond Match Co. v. Roeber, 106 N. Y. 473.†  There is no question here of the adequacy of the consideration or of the reasonableness of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† 13 N. E. 419, 60 Am. Rep. 464.

the restraint set forth in the contract. It is equally clear that, in view of the circumstances alleged, plaintiff has no adequate remedy at law.

An injunction pendente lite will be granted restraining the defendant from interference with plaintiff's business at No. 170 Ludlow street, and from engaging in the pushcart business within a radius of four blocks therefrom.